IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| United States of America | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:21mj103 |
| | ) | |
| Charles Donohoe | ) | **FILED UNDER SEAL** |

**MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

NOW COMES the United States of America, by and through its attorney, Sandra J. Hairston, Acting United States Attorney for the Middle District of North Carolina, and submits the attached memorandum in support of pre-trial detention in the above-captioned case. The defendant made his initial appearance before this Court on March 17, 2021. The government moved for detention at that time, and, in response, the Court asked the government to file authority supporting the basis to make the motion. In short, the United States charged the defendant with a violation of Title 18, United States Code, Section 1361 – destruction of government property. That offense serves as a basis to bring the motion as both as an offense listed under Title 18, United States Code, Section 2332b(g)(5)(B) as well as a crime of violence under the Bail Reform Act. See 18 U.S.C. § 3142(f)(1)(A). In any event, the defendant's conduct shows he is a serious risk to obstruct justice, and therefore, a motion

for detention is appropriate. See 18 U.S.C. § 3142(f)(2)(B). The government asks the Court to proceed with a detention hearing.

## PROCEDURAL HISTORY

On March 10, 2021, a grand jury sitting in the District of Columbia charged Charles Donohoe and three others in a six-count indictment. Specifically, in Count One, the indictment charges Donohoe with a violation of Title 18, United States Code, Section 371; in Count Two with a violation of Title 18, United States Code, Sections 1512(c)(2) and 2; in Count Three with a violation of Title 18, United States Code, Sections 231(a)(3) and 2; in Count Four with a violation of Title 18, United States Code, Sections 1361[1] and 2; in Count Five with a violation of Title 18, United States Code, Section 1752(a)(1); and in Count Six, with a violation of Title 18, United States Code, Section 1752(a)(2).

---

[1] Section 1361 contains both misdemeanor and felony penalty provisions. When "the damage or attempted damage to such property exceeds the sum of $1,000," then the statute provides for "imprisonment for not more than ten years." 18 U.S.C. § 1361. If the damage is $1,000, the term of imprisonment is limited to "not more than one year." Id. The grand jury alleged, among other things, that Donohoe "willfully injure[d] and commit[ed] depredation against the property of the United States" in that Donohoe "aided and abetted others known and unknown to forcibly enter the Capitol and thereby caused damage to the building in an amount more than $1,000." Superseding Indictment (D.D.C. No. 21-CR-175-4 (Jan. 8, 2021)) at ¶ 74. As a result, he faces imprisonment on that charge, Count Four, of ten years.

The defendant was arrested on March 17, 2021, in the Middle District of North Carolina. He made his initial appearance in this district later that day. The government moved for detention, and the Court continued that hearing until March 24, 2021. During the initial appearance, the Court asked the government to provide supplemental authority as to the basis for the motion for detention.

## FACTUAL SUMMARY

The government incorporates by reference the facts as alleged in the superseding indictment.[2] *See* D.D.C. No. 21-CR-175-4 (Mar. 10, 2021).

## ARGUMENT

The government's motion for detention is properly before the Court. First, the offense charged in Count Four is enumerated under Title 18, United States Code, Section 2332b(g)(5)(B). In light of the applicable penalties, Count Four allows the government to move for detention. *See* 18 U.S.C. § 3142(f)(1)(A). Second, the offense charged in Count Four is a crime of violence under the Bail Reform Act, subjecting the defendant to a motion for detention. *See id.* Third, the defendant's conduct, as alleged in Count One and Count Two, demonstrates that the defendant poses a serious risk of obstructing

---

[2] Because that superseding indictment remains under seal and the government refers to it at numerous times in this memorandum, the government has filed this memorandum under seal, as well.

- 3 -

justice if he were to be released. That conduct allows the government to move for detention. *See* 18 U.S.C. § 3142(f)(2)(B). To be sure, the Court need only agree with the government on one of the three bases for the motion. If the Court does, a detention hearing is in order.

### 1. Count Four creates a rebuttable presumption of detention.

The Bail Reform Act allows the government to move for detention when the case involves "an offense listed under Title 18, United States Code, Section 2332b(g)(5)(B)" or "a crime of violence." 18 U.S.C. § 3142(f)(1)(A). Indeed, in either case, the statute creates a rebuttable presumption in favor of detention. *Id*.

#### a. *An offense listed under § 2332b(g)(5)(B).*

The Bail Reform Act allows for a motion for detention when there is probable cause to believe a defendant committed an offense listed in Title 18, United States Code, Section 2332b(g)(5)(B) for which a maximum term of imprisonment of ten years or more is prescribed. *See* 18 U.S.C. § 3142(f)(1)(A). In that scenario, the law provides a rebuttable presumption in favor of detention. *See* 18 U.S.C. § 3142(e)(3)(C).

Count Four charges the defendant with destruction of government property and aiding and abetting the same. The indictment further states that the damage to property at the Capitol was in an amount greater than $1,000.

Pursuant to Title 18, United States Code, Section 1361, when damage to government property exceeds $1,000, the penalty includes imprisonment of not more than ten years.

Section 2332b(g)(5)(B) enumerates § 1361 as a listed offense. Here, the defendant could receive a ten-year term of imprisonment for that count. Accordingly, a motion for detention is proper, and the defendant faces a rebuttable presumption that he should be detained.[3]

### b. *A crime of violence under the Bail Reform Act.*

Under the Bail Reform Act, a crime of violence is, in relevant part, "an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4)(A). A defendant may commit or aid and abet the commission of a crime of violence. *See, e.g.*, *United States v. Richardson*, 948 F.3d 733, 741-42 (6th Cir. 2020) (finding "no distinction" between aiding and abetting and committing the substantive crime, and concluding that a defendant's conviction for aiding and abetting Hobbs Act robbery "satisfies the elements clause"); *Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019).

---

[3] Numerous cases from the district where these charges are pending against Donohoe have held the same. *See, e.g.*, *United States v. Powell*, Case No. 21-mj-197 (D.D.C. Feb. 11, 2021); *see also United States v. Watkins*, Case No. 21-cr-28-3 (D.D.C. Feb. 26, 2021); *United States v. Bisgnano*, Case No. 21-CR-36 (D.D.C. Feb. 26, 2021).

- 5 -

A defendant violates § 1361 if he "commits any depredation against any property of the United States." Historically, "depredation" is "the act or an instance of robbing, plundering, or laying waste." *United States v. Jenkins*, 554 F.2d 783, 8786 (6th Cir. 1977). The Sixth Circuit adapted its definition from *Deal v. United States*, 274 U.S. 277 (1927), which interpreted the meaning of the word in a post-office regulation. In doing so, the Supreme Court defined "depredation" to mean "the act of plundering; a robbing; a pillaging." *Id.* at 283 (quoting Century Dictionary). Plundering, robbing, or pillaging – that is, in a word, depredation – necessarily involves a defendant's use of force. *See United States v. Shi*, 525 F.3d 709, 721 (9th Cir. 2008) (discussing piracy under 18 U.S.C. § 2280 by reference to *United States v. Smith*, 18 U.S. (5 Wheat.) 153, 161 (1820), which defined piracy as "robbery, or forcible depredations upon the sea"); *see also United States v. Dire*, 680 F. 3d 446, 452-59 (4th Cir. 2012) (discussing the history of piracy-as-depredation).

The government maintains that a violation of § 1361 is a crime of violence for the purposes of detention but acknowledges that the Fourth Circuit has granted a certificate of appealability on a related question. *See United States v. Melaku*, 799 F. App'x 203 (4th Cir. 2020) (unpublished) (allowing review of whether § 1361 is a "crime of violence" predicate supporting a

conviction under 18 U.S.C. § 924(c)). To be sure, in the case at bar, the Court need not reach this question if it finds another viable basis for the motion.

> **2.   The defendant's obstructionist conduct necessitates a detention hearing.**

Where a defendant poses "a serious risk that [he] will obstruct or attempt to obstruct justice," the Court should conduct a detention hearing upon the government's motion. 18 U.S.C. § 3142(f)(2)(B). Here, as alleged in the indictment, Donohoe instructed his co-conspirators to communicate by means of encrypted messaging to avoid law enforcement two days before the attack on the Capital. *See* Superseding Indictment at ¶ 39. He also destroyed prior communications for the same purpose. *Id.* Donohoe engaged in that conduct explicitly out of fear that he might be charged criminally. *Id.* at ¶ 40.

Despite the fear that he might be charged, the defendant nevertheless participated in the attack on the Capital on January 6, 2021. That conduct was, in its own right, obstructionist in nature – the defendant and others overran the United States Capital in an attempt to interfere with the election of a new president. After the fact, the defendant celebrated "[w]e stormed the capitol unarmed [….] And we took it over unarmed." *Id.* at ¶ 24.

The defendant's conduct demonstrates he poses a serious risk to obstruct or attempt to obstruct justice. *See United States v. Chrestman*, ___F. Supp. 3d___, No. 21-MJ-218, 2021 WL 765662, at *15 (D.D.C., Feb. 26, 2021)

(agreeing with a detention order where defendant participated in the January 6, 2021, attack on the Capital and where the government moved for detention, in part, pursuant to §3142(f)(2)(B)). As such, the Court should conduct a detention hearing.

## CONCLUSION

For the reasons stated above, the government moves the Court to hold a detention hearing in this matter.[4]

This the 19th day of March, 2021.

          Respectfully submitted,

          SANDRA J. HAIRSTON
          ACTING UNITED STATES ATTORNEY

          S/ STEPHEN T. INMAN
          Deputy Chief, Criminal Division
          Assistant United States Attorney
          NCSB No. 26913

          S/ TANNER L. KROEGER
          Assistant United States Attorney
          NYSB No. 5297015
          United States Attorney's Office
          Middle District of North Carolina
          101 S. Edgeworth St., 4th Floor
          Greensboro, NC 27401
          Phone: 336/333-5351

---

[4] The government understood the Court's request for briefing at this juncture to be a request for the legal basis supporting a motion by the government for detention. As to the substance of that motion—*i.e.*, whether the Court should grant it—the government will further supplement this briefing at a later date as necessary to provide the Court with argument on the factors listed in § 3142(g).

CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2021, the foregoing was electronically filed under seal with the Clerk of the Court using the CM/ECF system, and served via that system on the following CM/ECF participants:

Lisa Costner, Esq.

Respectfully submitted,

S/ TANNER L. KROEGER
Assistant United States Attorney
NYSB No. 5297015
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth St., 4th Floor
Greensboro, NC  27401
Phone:  336/333-5351